UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| GUIDEONE MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY J. DANIEL, II, <br> HEATHER J. DANIEL, and <br> JODI E. DARSEY, <br><br> Defendants. | CIVIL ACTION <br><br> FILE NO.: 7:13-CV-126 |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW, GuideOne Mutual Insurance Company, Plaintiff, a foreign insurance company authorized to do and doing business in the State of Georgia, and for cause of action against the above-named Defendants, states as follows:

1.

GuideOne Mutual Insurance Company is an Iowa corporation, authorized to do and doing business in the State of Georgia.

2.

Defendant Timothy J. Daniel, II is a person of full age and majority residing in Tift County, Georgia.

3.

Defendant Heather J. Daniel is a person of full age and majority residing in Tift County, Georgia.

4.

Defendant Jodi E. Darsey is a person of full age and majority residing in Morgan County, Georgia.

5.

Jurisdiction of this court is based on 28 U.S.C. § 1332 in that Plaintiff is diverse from all defendants, and the amount in controversy exceeds $75,000. Additionally, jurisdiction is proper under the Declaratory Judgment Act.[1]

6.

On or about September 11, 2009, the policy of insurance issued by Plaintiff GuideOne Mutual Insurance Company, being Policy No. 3748-327, covering a policy period from September 11, 2009 through September 11, 2010, subject to said policy's terms, provisions, conditions, and exclusions, included an endorsement entitled "Institutions – Other than Social Service Agencies – Volunteers as Insureds".

7.

A true, correct and genuine copy of said policy of automobile liability insurance will be attached hereto as Exhibit "A".

8.

Upon information and belief, GuideOne Mutual Insurance Company shows that on December 24, 2009, Defendant Jodi E. Darsey was allegedly operating a 2006 Mercury Moutaineer while on a purely personal mission and was involved in an automobile accident with a vehicle driven by Defendant Timothy J. Daniel, II.

9.

According to the Georgia Uniform Motor Vehicle Accident Report, the 2006 Mercury Moutaineer was owned by Defendant Jodi E. Darsey.

10.

As a result of said accident, Timothy J. Daniel, II and Heather Daniel allege to have sustained injuries and other damages and have made a claim against Jodi E. Darsey for alleged personal injuries incurred therein.

11.

Timothy J. Daniel, II and Heather Daniel have filed a lawsuit against Jodi Darsey and First Baptist Church of Hazlehurst presently pending in the Superior Court of Morgan County, there styled: *Timothy J. Daniel, II and Heather Daniel v. Jodi E. Darsey and First Baptist Church of Hazlehurst, Inc.*, and bearing Civil Action No. 2011CA476.

12.

A true, correct, and genuine copy of said Civil Action No. 2011CA476, filed in the Superior Court of Morgan County, is attached hereto as Exhibit "B" and is expressly incorporated here by reference.

13.

In the aforesaid Civil Action No. 2011CA476, presently pending in the Superior Court of Morgan County, it is alleged that Defendant Jodi E. Darsey was negligent in operating the 2006 Mercury Mountaineer, thereby causing the aforementioned automobile accident, and it is further alleged that as a result of the aforementioned automobile accident, Timothy J. Daniel, II received serious injuries.

---

[1] 28 U.S.C. § 2201

14.

The aforementioned Civil Action No. 2011CA476 was filed in the Superior Court of Morgan County on or about November 10, 2011.

15.

GuideOne Mutual Insurance Company shows that the subject insurance policy expressly provides, under the endorsement entitled "Institutions – Other Than Social Service Agencies – Volunteers as Insureds", provides as follows:

> Anyone volunteering services to you is an "insured" while using a covered "auto" you do not own, lease, hire, rent or borrow in your business. Anyone else who furnishes that "auto" is also an "insured".

16.

Should it be determined that Defendant Jodi E. Darsey was not volunteering services to First Baptist Church of Hazlehurst at the time of the accident, then Defendant Jodi E. Darsey would not be entitled to any coverage under the subject policy, and Plaintiff GuideOne Mutual Insurance Company would have no obligation to defend Defendant Jodi E. Darsey or pay any judgment which might be rendered or entered against Defendant Jodi E. Darsey in the aforementioned Civil Action.

17.

By virtue of the facts set forth herein, an actual controversy exists between Plaintiff GuideOne Mutual Insurance Company and Defendants herein.

18.

Plaintiff GuideOne Mutual Insurance Company avers that the question of whether or not it has any obligation or duty to pay any judgment which may be rendered against Defendant Jodi E. Darsey in the aforementioned pending Civil Action pursuant to the provisions of the aforesaid

business auto policy is in dispute; and consequently, Plaintiff GuideOne Mutual Insurance Company is in a position of uncertainty and insecurity.

19.

By reason of the premises herein, Plaintiff GuideOne Mutual Insurance Company has no adequate remedy at law and will suffer immediate and irreparable harm if an interlocutory injunction is not issued, restraining and enjoining further prosecution and proceedings in said Civil Action No. 2011CA476 presently pending in the Superior Court of Morgan County until a final determination of this cause.

WHEREFORE, Plaintiff requests that the court enter a declaratory judgment in its favor adjudging:

(a) That the automobile insurance policy issued by GuideOne Mutual Insurance Company affords no coverage to or on behalf of Jodi E. Darsey for the automobile accident that occurred on or about December 24, 2009;

(b) That GuideOne Mutual Insurance Company is not obligated to pay on behalf of Defendant Jodi E. Darsey any sums which Defendant Jodi E. Darsey may become legally obligated to pay as damages arising out of the aforementioned occurrence of December 24, 2009;

(c) That GuideOne Mutual Insurance Company can legally deny coverage to Defendant Jodi E. Darsey for any claims that might have arisen or might arise by reason of the aforementioned occurrence of December 24, 2009 pursuant to the provisions of the aforesaid automobile liability insurance policy;

(d) That this court restrain and enjoin Defendants from further proceeding in the prosecution of Civil Action No. 2011CA476 in the Superior Court of Morgan County, Georgia, or from instituting and/or prosecuting any other claims or actions arising or which might arise by reason of the aforementioned occurrence of December 24, 2009 until a final determination of this declaratory judgment action;

(e) That Guide One have and recover such other and further relief as the court may deem just and proper.

This the 20th day of September, 2013.

Respectfully Submitted,

/s Pamela S. Webb
Pamela S. Webb
Georgia Bar No.: 744641
Attorney for Plaintiff
GuideOne Mutual Insurance Company

P.O. Box 14503
Des Moines, Iowa 50306-3503
pwebb@guideone.com
Telephone: (770) 510-4340
Facsimile: (515) 267-5431