**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**GUIDEONE MUTUAL
INSURANCE COMPANY**,

    Plaintiff,

v.

Civil Action No. 7:13-CV-126 (HL)

**TIMOTHY J. DANIEL II,
HEATHER J. DANIEL, and
JODI E. DARSEY**,

    Defendants.

**ORDER**

On September 20, 2013, Plaintiff filed this matter in the Valdosta Division of the United States District Court for the Middle District of Georgia, alleging diversity as the basis for federal jurisdiction. Because federal courts have only limited jurisdiction, part of the Court's initial review process requires the Court to determine whether a proper jurisdictional basis exists in each case. Thus, when a plaintiff files a claim in federal court it is generally the plaintiff's burden to allege the specific facts necessary to establish jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000).

Pursuant to 28 U.S.C. § 1332, diversity jurisdiction requires the legal matter to exceed the sum or value of $75,000, exclusive of interest and costs, and be between citizens of different states. 28 U.S.C. § 1332(a)(1).

An action for declaratory relief, such as this case, must independently satisfy federal subject matter jurisdiction requirements; the Declaratory Judgment Act does not create an independent basis for jurisdiction. *See* 28 U.S.C. § 2201(a) (authorizing district courts to grant declaratory relief in "a case of actual controversy within its jurisdiction"); Borden v. Katzman, 881 F.2d 1035, 1037 (11th Cir. 1989). Thus, in order for Plaintiff to maintain its action for declaratory judgment in this Court, it must still satisfy the jurisdictional prerequisites for filing an action in the federal district courts.

Plaintiff alleges that jurisdiction is proper in this Court because there is diversity of citizenship of the parties and the amount in controversy is greater than $75,000. Plaintiff alleges that it is an Iowa corporation, authorized to do business in the State of Georgia. Plaintiff alleges that Defendant Timothy J. Daniel II resides in Tift County, Georgia; that Defendant Heather J. Daniel resides in Tift County, Georgia; and that Defendant Jodi E. Darsey resides in Morgan County, Georgia.

For purposes of 28 U.S.C. § 1332, a corporation is deemed to be a citizen of any state in which it has been incorporated and the state where it has its one principal place of business. 28 U.S.C. § 1332(c)(1). Thus, pursuant to § 1332, a corporation may be deemed to be a citizen of more than one state. To establish the citizenship of a domestic corporation, a party must allege both the state of incorporation and state of the corporation's principal place of business. In its

jurisdictional allegations presented in the complaint, Plaintiff failed to identify the state of its principal place of business.

As for the Defendants, there is no statutory definition of what constitutes a "citizen" for diversity purposes. Galva Foundry Co. v. Heiden, 924 F.2d 729, 730 (7th Cir. 1991)). Federal courts interpret citizenship under § 1332 as requiring a natural person to be a United States citizen and be domiciled in a state. *See e.g.*, Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991), *aff'd*, 13 F.3d 409 (11th Cir. 1994). Thus, there are two necessary inquiries regarding citizenship for diversity jurisdiction: (1) whether the person is a United States citizen, and (2) whether the person is domiciled in a particular state.

Under the first inquiry, "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States." U.S. Const. amend. XIV, § 1. Regarding the second inquiry, domicile - synonymous with "state citizenship" in diversity jurisprudence - generally requires two elements: (1) physical presence in a state; and (2) the intent to make the state one's home. Duff v. Beaty, 804 F. Supp. 332, 334 (N.D. Ga. 1992). A complaint merely alleging residency, as opposed to state citizenship or domicile, is insufficient to invoke diversity jurisdiction. Id. Domicile is not always the same as residence, as a person may reside in one place but be domiciled elsewhere. *See* Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989). Therefore, a party must plead citizenship distinctly and affirmatively. Toms v. Country Quality Meats, Inc., 610 F.2d

313, 316 (5th Cir. 1980); Am. Motorists Ins. Co. v. Am. Employers Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979); *see also* Duff, 804 F. Supp. at 334. Plaintiff's mere allegations of residency as to Defendants Timothy J. Daniel II, Heather J. Daniel, and Jodi E. Darsey are insufficient.

As a result of these deficiencies, this Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, the Complaint fails to satisfy the prerequisites of subject matter jurisdiction. However, the Court is of the opinion that Plaintiff should be allowed to amend to correct the deficiencies noted. Accordingly, Plaintiff shall have until October 4, 2013 in which to file an amendment that conforms to the findings of this Order. Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal for lack of jurisdiction.

SO ORDERED, this the 25th day of September, 2013.


*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**


mbh